[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-10269
Non-Argument Calendar
_____

D.C. Docket No. 2:13-cr-00058-JES-CM-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANTHONY MICHAEL DEFEO,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(August 23, 2016)


Before WILSON, ROSENBAUM and BLACK, Circuit Judges.

PER CURIAM:

Anthony Defeo appeals his 110-month sentence, imposed within the advisory guideline range, after pleading guilty to wire fraud, in violation of 18 U.S.C. § 1343.  On appeal, Defeo argues that the district court abused its discretion by denying his motions for departure and variance.[1]

Nothing in the record shows the district court misunderstood its authority to grant the downward departure Defeo requested, so we lack jurisdiction to review the district court's discretionary refusal to grant it.  *See United States v. Dudley*, 463 F.3d 1221, 1228 (11th Cir. 2006) (explaining we lack jurisdiction to review a district court's discretionary refusal to grant a downward departure unless the district court incorrectly believed it lacked authority to depart from the guideline range).   Further, Defeo's conclusory assertion, that the trial court abused its discretion by denying his requests for variances, fails to meet his burden to show that his 110-month within-guideline sentence is unreasonable.  *See United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005) (stating the party challenging the sentence bears the burden of proving the sentence is unreasonable in light of the record and the § 3553(a) factors and that we ordinarily expect a within-guidelines sentence to be reasonable).  The district court explained it considered the § 3553(a) factors, particularly Defeo's history of fraudulent activity, and found very little to mitigate Defeo's actions.  Defeo's sentence is not outside the range of reasonable

---

[1]  Because we write for the parties, we set out only what is necessary to explain our decision.

2

sentences dictated by the facts of this case. *See United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010) (*en banc*) (explaining we will reverse if left with the "firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case"). Accordingly, we affirm Defeo's sentence.

**AFFIRMED.**